### STRAUS et al. v. SCHISGALL & KIENZLE CO.

(Supreme Court, Appellate Term, First Department. December 4, 1913.)

CORPORATIONS (§ 507*)—SERVICE OF SUMMONS—SUFFICIENCY—RESIGNATION OF OFFICER SERVED.

    Evidence, taken on motion to set aside service of summons made upon the purported president of defendant corporation and to vacate a default judgment, that the president had "signed" a formal resignation, without showing what became of it, would not be sufficient to show that he had resigned before receiving service of summons.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–1974, 1976–2000 ; Dec. Dig. § 507.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Nathan Straus and others, doing business as L. Straus & Sons, against the Schisgall & Kienzle Company. From an order granting a motion to vacate and set aside the service of summons and a default judgment, plaintiffs appeal. Reversed, and judgment reinstated.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Wise & Seligsberg, of New York City (Clifford H. Owen, of New York City, of counsel), for appellants.

Benno Loewy, of New York City, for respondent.

PER CURIAM. The question to be determined upon this appeal is not whether the court below had authority to vacate a judgment absolutely, where no personal service of the summons has been made upon the defendant, upon a motion and without a trial of an issue raised upon that question, but whether or not the person upon whom it is not disputed that personal service of the summons was made was the president of the defendant corporation at the time of such service.

Upon this question, the proof submitted is wholly insufficient to show that prior to the service of the summons he had resigned that office, which it is conceded he once occupied. The most that appears is that he had signed what the affiants in the moving affidavits state was a "formal resignation," giving its form. What became of this paper does not appear; non constat it may have been lost, destroyed, or withdrawn.

Order reversed, with costs, and judgment reinstated.